# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY BUMBARGER,<br><br>      Plaintiff<br><br>  v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>      Defendant | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

AMY BUMBARGER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against CAPITAL ONE BANK, N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Mifflin, Pennsylvania 15122.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 1680 Capital One Drive, Mclean, Virginia 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in late January or early February 2015, and continuing through May 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded

messages.

14. Defendant's automated messages identified its company as the caller.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In late January or early February 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

17. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

18. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

19. Specifically, but not inclusively, Defendant called Plaintiff's cellular telephone on: May 3, 2015, at 11:48 a.m.; May 3, 2015, at 4:37 p.m.; May 4, 2015, at 9:39 a.m.; May 4, 2015, at 1:21 p.m.; May 5, 2015, at 10:56 a.m.; May 5, 2015, at 4:22 p.m.; May 6, 2015, at 8:33 a.m.; May 6, 2015, at 3:33 p.m.; May 7, 2015, at 8:41 a.m.; May 7, 2015, at 4:04 p.m.; May 19, 2015, at 10:20 a.m.

20. Upon information and belief, Defendant conducted its business in a manner that violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

25. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMY BUMBARGER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AMY BUMBARGER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 2/01/16                    By: /s/ Craig Thor Kimmel
                                    CRAIG THOR KIMMEL
                                    Attorney ID No. 57100
                                    Kimmel & Silverman, P.C.

30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT